### MILLER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 17, 1923. Rehearing Denied March 23, 1923.)

No. 3899.

1. **Poisons ⬡⟹2—Prohibition against obtaining narcotics on forms, except for professional use, is valid.**

   The provision of Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), making it unlawful to obtain narcotics by means of physician's order forms for any purpose other than use in the conduct of a lawful business in the drugs or in the legitimate practice of his profession, is constitutional.

2. **Criminal law ⬡⟹121—Change of venue for prejudice ordinarily rests in court's discretion.**

   The right to a change of venue because of local prejudice against accused ordinarily rests in the sound discretion of the trial court.

3. **Criminal law ⬡⟹121—Denial of change of venue on ground of prejudice held not abuse of discretion.**

   No abuse of the trial court's discretion was shown in refusing a change of venue on the ground of local prejudice, where the affidavit for the change did not state any facts tending to show prejudice, only one member of the panel of jurors stated he had ever heard of the case, and accused made no objection to any of the jurors.

4. **Criminal law ⬡⟹1141(2), 1159(5)—Question of fact not reviewable; burden is on defendant to make error appear in trial proceedings.**

   Where the evidence, in a prosecution against a physician for violating the Anti-Narcotic Act (Comp. St. §§ 6287g–6287q), showed the quantity of

⬡⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

drugs obtained by the physician and the amount properly disposed of by him, and the quantity found in his possession was introduced in evidence, accused cannot contend on writ of error that the evidence was insufficient because it failed to disclose the quantity so introduced in evidence against him, since the jury could determine how much had been used by him by comparison of the amount bought with that remaining on hand, and the burden was on accused to make error in the proceedings before the trial court appear in the record.

5. **Criminal law ⬤⟹730(16)—Instruction held to sustain objection to remarks of district attorney.**

Where the court, in reply to defendant's objection to a remark of the district attorney, observed the latter was merely replying to the argument of defendant's counsel, and that the jury would be given proper instructions in regard to both arguments, and in his charge he told the jury to render their verdict on the evidence and stated that much had been said in argument probably on both sides which they should not consider, he, in effect, sustained the objection.

6. **Criminal law ⬤⟹726—District attorney should not appeal to prejudice, notwithstanding similar appeal by defendant.**

The district attorney should protect the rights of defendant as well as those of the government, and should never appeal to the prejudice of the jury, notwithstanding a like appeal by counsel for the defendant.

7. **Criminal law ⬤⟹1171(1)—Remarks of district attorney held cured by verdict.**

Where defendant was tried on two separate indictments, which had been consolidated for trial, and acquitted on one of them, he was not prejudiced by improper remarks of the district attorney which related to the indictment on which he was acquitted.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

S. A. Miller was convicted of violating the Harrison Anti-Narcotic Act and he brings error. Affirmed.

S. D. Redmond, of Jackson, Miss., and W. H. Powell, of Canton, Miss., for plaintiff in error.

E. E. Hindman, U. S. Atty., and Chalmers Potter, Asst. U. S. Atty., both of Jackson, Miss. (Niles Moseley, Asst. U. S. Atty., of Jackson, Miss., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The defendant was convicted upon an indictment under section 2 of the Harrison Narcotic Act, 38 Stat. 785 (Comp. St. § 6287h). The indictment charges that defendant registered and paid the special tax imposed upon physicians, obtained the order forms required by the act, and unlawfully obtained by means of said order forms a quantity of morphine for purposes other than the use, sale, or distribution thereof in the legitimate practice of his profession.

The defendant applied for a change of venue, and supported his motion therefor by an affidavit to the effect that he did not believe he could obtain a fair trial before a jury selected from the division of the district where the trial was had. The District Judge denied the motion, but stated that if, upon actual test, it appeared that an impartial jury could not be obtained in the division where court was

then being held, he would then consider the motion. The jury was thereupon impaneled, and only one had heard anything about the case. That juror was excused by the court. No other juror was challenged for cause, and the defendant did not exhaust his peremptory challenges.

Defendant was a physician, and the evidence shows that during the year 1921 he purchased .55 ounces of morphine from several wholesale drug houses in New Orleans and Memphis; that the quantity so purchased was greater than reasonably could be used by a physician in the legitimate practice of his profession. The record kept by defendant accounted for 163¼ grains of morphine. Government agents seized the morphine remaining in his possession, and it was introduced in evidence.

The defendant was acquitted upon another indictment, which charged an unlawful sale of morphine to one W. C. Berbette, who was addicted to the use of morphine, and had recently been in an insane asylum. This indictment was consolidated for trial with the indictment under consideration. During the argument defendant's counsel appealed to the jury not to convict on the testimony of "dope fiends" and government agents, and stated that Berbette was crazy. In reply to this argument, the district attorney used this language: "Who ran him [Berbette] crazy? It was old Miller, who sold him the stuff that made him crazy"—and also stated in substance that, if juries would not convict upon the testimony of dope fiends and government agents, they would in effect write the Narcotic Act off the statute books. Defendant excepted, and the court observed that the district attorney was merely replying to the argument of counsel for defendant, and that the jury would be given proper instructions in regard to both arguments. In his charge to the jury, the court gave them the usual caution to render their verdict upon the evidence, and stated that much had been said in argument, probably by both sides, which should not be considered by the jury.

The defendant assigns error, and contends that the portion of section 2 of the Harrison Act, relied on in this case, is unconstitutional; that the court erred in refusing a change of venue, in refusing to instruct the jury to find a verdict of not guilty, and in not sustaining defendant's exception to the argument of the district attorney.

[1] The act under consideration authorizes physicians to obtain morphine upon written order forms prepared by the Commissioner of Internal Revenue, upon registering and paying the special tax. Section 2 provides:

"It shall be unlawful for any person to obtain by means of said order forms any of the aforesaid drugs for any purpose other than the use, sale, or distribution thereof by him in the conduct of a lawful business in said drugs or in the legitimate practice of his profession."

The contention that this portion of the act is unconstitutional is based upon the case of Blunt v. United States, 255 Fed. 332, 166 C. C. A. 502. After that case was decided, the Supreme Court of the United States, in the two cases of United States v. Doremus, 249 U. S. 86, 39 Sup. Ct. 214, 63 L. Ed. 493, and Webb v. United States,

249 ·U. S: 96, 39 Sup. Ct. 217, 63 L. Ed. 497; upheld·the feature of the law here attacked.

[2, 3] A change of venue is ordinarily in the sound discretion of the trial court. No abuse of discretion is shown in this case. The affidavit does not state any facts which tended to show prejudice against the defendant in the division where he was tried. In view of defendant's failure to object to any juror tendered, and also considering the ease with which a jury was selected, it is to be assumed that no facts justifying a change of venue existed.

[4] It is contended that the evidence is insufficient, because it fails to disclose the quantity of morphine introduced in evidence. But the amount remaining in defendant's possession was in evidence.. It was therefore before the jury, and· they could determine how much had been used by defendant by comparing·the amount bought, as shown by the order blanks, and the quantity remaining on hand. The burden is upon the defendant to make error appear in. the proceedings before the trial court. There was no error, so far as the record before us shows, in denying the motion for an instructed verdict.

[5-7] The court fully met the objection taken to the remarks made by the district attorney. That objection was in effect sustained in the instructions to the jury, and no further action by the court was requested. The district attorney; upon whom rests the responsible duty of prosecuting citizens for violations of law, ought always to be careful to protect the rights of the defendant as well as those of the, government, and he should never appeal·to the prejudices of the jury, notwithstanding a like appeal is made by counsel for the defendant. In this case the defendant was. acquitted upon the charge with reference to which the language on both sides was used, and it therefore appears that he was ·not prejudiced.by the argument of which complaint is made.

Error is not made to appear by any of the assignments, and the judgment is affirmed.